# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **BRIDGETT LEE,** | : |
| | : Civil Action Number: |
| **Plaintiff,** | : |
| | : **Jury Trial Demanded** |
| vs. | : |
| | : |
| **CHEP INTERNATIONAL, INC. and KIM T. RUMPH,** | : |
| | : |
| **Defendants.** | : |

## COMPLAINT

Plaintiff Bridgett Lee ("Ms. Lee"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 7, brings this Complaint against Defendants CHEP, International, Inc. ("CHEP") and Kim Rumph ("Ms. Rumph") and shows the Court as follows:

## INTRODUCTION

1.

Ms. Lee brings this action under the Fair Labor Standards Act of 1938 (as amended) (29 U.S.C. § 201 *et.seq.*), (hereinafter "the FLSA") to (1) recover due but unpaid overtime compensation; (2) an additional like amount as liquidated damages; and (3) to be reimbursed her costs of litigation, including her reasonable attorneys' fees.

- 1 -

## JURISDICTION AND VENUE

2.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b), 28 U. S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

3.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because CHEP is located in this judicial district and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

## THE PARTIES

4.

Ms. Lee resides in Henry County, Georgia.

5.

From March 2013 until November 18, 2014, including all times relevant to the claims herein, CHEP employed Ms. Lee with the title of Manager, Staff Services.

6.

CHEP is a corporation organized under the laws of the State of Florida.

7.

At all times relevant hereto, CHEP has conducted business in the state of Georgia.

8.

During the Relevant Time Period, two or more employees of CHEP, including Ms. Lee, used the following instrumentalities of commerce in the performance of its commercial purposes: U.S. Mail, interstate phone service, interstate computer networks, interstate traveling systems and interstate banking services that included transactions across state lines.

9.

During the Relevant Time Period, two or more employees of CHEP, including Ms. Lee, used or handled the following items that moved in interstate commerce that are necessary for performing its commercial purpose: computers, paper, office furniture and office supplies.

10.

At all times relevant hereto, CHEP has maintained a Principal Office address at 1111 Hammond Drive, Suite 300, Atlanta, Georgia 30346.

11.

CHEP is subject to the personal jurisdiction of this Court.

12.

CHEP may be served with process at its Principal Office located at 1111 Hammond Drive, Suite 300, Atlanta, Georgia 30346.

13.

Ms. Rumph resides within Fulton County, Georgia.

14.

Ms. Rumph holds the position of President for CHEP North America.

15.

Ms. Rumph is subject to the personal jurisdiction of this Court.

16.

Ms. Rumph may be served with process at CHEP's Principal Office located at 1111 Hammond Drive, Suite 300, Atlanta, Georgia 30346.

17.

At all times material hereto, Ms. Lee was an "employee" of CHEP as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

18.

At all times material hereto, CHEP has been an "employer" of Ms. Lee as defined in FLSA § 3(d), 29 U.S.C. §203(d).

19.

From on or about March 2013 until November 18, 2014, Ms. Lee was "engaged in commerce" as an employee of CHEP as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

20.

From on or about March 2013 until November 18, 2014, CHEP was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

21.

During 2013, CHEP had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

22.

During 2014, CHEP had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

23.

During 2013, CHEP had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

24.

During 2014, CHEP had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

25.

During 2013, CHEP had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

26.

During 2014, CHEP had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

27.

At all times material hereto, CHEP has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

28.

At all times material hereto, Ms. Rumph exercised operational control over the work activities of Ms. Lee.

29.

At all times material hereto, Ms. Rumph was involved in the day-to-day operation of the CHEP location in which Ms. Lee worked.

30.

At all times material hereto, CHEP vested in Ms. Rumph supervisory authority over Ms. Lee.

31.

At all times material hereto, Ms. Rumph exercised supervisory authority over Ms. Lee.

32.

At all times material hereto, Ms. Rumph scheduled Ms. Lee's working hours or supervised the scheduling of Plaintiff's working hours.

33.

At all times material hereto, Ms. Rumph exercised authority and supervision over Ms. Lee's compensation.

34.

At all times material hereto, Ms. Rumph exercised authority and supervision over Ms. Lee's work assignments.

35.

At all times material hereto, Ms. Rumph was an "employer" as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

36.

From October 1, 2013 through November 18, 2014, CHEP, Ms. Lee was not exempt from the maximum hour requirements of the FLSA by reason of any exemption.

37.

From October 1, 2013 through November 18, 2014, CHEP did not employ Ms. Lee in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

38.

From October 1, 2013 through November 18, 2014, CHEP did not employ Ms. Lee in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

39.

From October 1, 2013 through November 18, 2014, CHEP did not employ Ms. Lee in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

40.

From October 1, 2013 through November 18, 2014, CHEP did not employ Ms. Lee in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a).

41.

From March 2013 until November 18, 2014, Defendants compensated Ms. Lee on a salaried basis.

42.

From March 2013 through September 30, 2013, Ms. Lee's performed managerial duties that appear to have qualified her as exempt under the FLSA.

43.

On September 30, 2013, Ms. Rumph advised Ms. Lee that her duties would no longer include managerial or supervisory tasks.

44.

Beginning on October 1, 2013 and continuing through November 18, 2014 ("the Relevant Time Period") Defendants stopped assigning any managerial or executive tasks to Ms. Lee.

45.

Beginning on October 1, 2013 and continuing through November 18, 2014, Ms. Lee did not perform managerial or executive tasks.

46.

Ms. Lee did not exercise supervisory control over any other employees during the Relevant Time Period.

47.

Ms. Lee is not exercise discretion with respect to any significant business decisions during the Relevant Time Period.

48.

Ms. Lee's primary duty during the Relevant Time Period was to act as personal assistant to Ms. Rumph.

49.

During the Relevant Time Period, Ms. Lee's duties including cleaning the office, running errands for Ms. Rumph, maintaining Ms. Rumph's calendar, and booking travel arrangements for Ms. Rumph.

50.

During the Relevant Time Period, Ms. Rumph frequently contacted Ms. Lee outside of her regular scheduled working hours to assign her work related assignments.

51.

During the Relevant Time Period and with Defendants' actual or constructive knowledge, Ms. Lee's duties regularly required that she forego her usual lunch period.

52.

During the relevant time period, Ms. Lee frequently worked more than her regularly-scheduled hours.

53.

Defendants misclassified Ms. Lee as exempt from the overtime requirements of the FLSA during the Relevant Time Period.

54.

CHEP failed to pay Ms. Lee for any work she performed in excess of forty (40) hours in each work week during the Relevant Time Period.

**COUNT I - FAILURE TO PAY OVERTIME AS TO ALL DEFENDANTS**

55.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

56.

At all times material hereto, Ms. Lee was an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

57.

Ms. Lee regularly worked in excess of forty (40) hours each week during the Relevant Time Period.

58.

Defendants failed to pay Ms. Lee at one and one half times her regular rate for work in excess of forty (40) hours in any work week during the Relevant Timer Period.

59.

Defendants willfully failed to pay Ms. Lee at one and one half times her regular rate for work in excess of forty (40) hours during the Relevant Time Period.

60.

Ms. Lee is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

61.

As a result of Defendants' failure to pay her overtime compensation as alleged above, Ms. Lee is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

62.

As a result of Defendants' failure to pay her overtime compensation as alleged above, Ms. Lee is entitled to her litigation costs, including her reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

WHEREFORE, Ms. Lee respectfully prays:

1. That Ms. Lee's claims be tried before a jury;

2. That Ms. Lee be awarded an amount to be determined at trial against Defendants in unpaid overtime compensation due under the FLSA, plus an additional like amount in liquidated damages;

3. That Ms. Lee be awarded costs of litigation, including her reasonable attorneys' fees from Defendants; and

4. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

*DELONG CALDWELL BRIDGERS & FITZPATRICK, LLC*

| | |
|---|---|
| 3100 CENTENNIAL TOWER | */S/ MICHAEL A. CALDWELL* |
| 101 MARIETTA STREET | MICHAEL A. CALDWELL |
| ATLANTA, GEORGIA 30303 | GA. BAR NO. 102775 |
| (404) 979-3171 | |
| (404) 979-3170 (f) | */S/CHARLES R. BRIDGERS* |
| michaelcaldwell@dcbflegal.com | CHARLES R. BRIDGERS |
| charlesbridgers@dcbflegal.com | GA. BAR NO. 080791 |
| | |
| | COUNSEL FOR MS. LEE |