IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BRIDGETT LEE, | : |
| | : Civil Action Number: |
| Plaintiff, | : |
| | : 1:15-CV-00240-WBH |
| vs. | : |
| | : |
| CHEP INTERNATIONAL, INC. and KIM T. RUMPH, | : |
| | : |
| Defendants. | : |
| | : |
| | : |

## AGREEMENT AND RELEASE

1. **Parties And Released Parties:**

This document sets forth the terms and conditions of the Agreement and General Release (hereinafter "Agreement") by and between the Plaintiff Bridgett Lee (hereinafter the "Releasor") and the Defendants, CHEP International, Inc. (hereinafter the "Company") and Kim T. Rumph (collectively referred to as the "Defendants"), (all parties hereinafter collectively referred to as the "Parties"). The term "Releasees" as used herein shall be defined as Kim T. Rumph, the Company, and all of their related entities, divisions, parents, and affiliates, and all of their current and former officers, directors, employees, shareholders, partners, servants, agents, officials, insurers, and attorneys, in their official and individual capacities, together with their predecessors, successors, heirs, and assigns, both jointly and severally. In consideration of the mutual covenants and agreements set forth below, the Parties agree as follows:

2. **Payment And Consideration:**

   A. The Company shall pay to the Releasor a total payment of $31,691.64 as follows:

   1) Nine Thousand Seven Hundred and Ninety Five Dollars and Eighty Two Cents ($9,795.82) made payable to Bridgett Lee that represents backpay damages, subject to applicable withholdings, to be reported on a form W-2;

   2) Nine Thousand Seven Hundred and Ninety Five Dollars and Eighty Two Cents ($9,795.82) made payable to Bridgett Lee as liquidated damages, not subject to withholdings, to be reported on an IRS form 1099-Misc as box "three" other income;

   3) One Hundred Dollars ($100.00) made payable to Bridgett Lee for general release to be reported on an IRS Form 1099-MISC as box "three" other income;

     4) Twelve Thousand Dollars ($12,000.00) for attorneys' fees, costs, and expenses in this case for the Releasor's counsel made payable to the Trust Account of Michael Caldwell, Attorney to be represented as Michael A. Caldwell, Attorney on an IRS form 1099-misc.

  B. The amounts herein are to be paid within ten business days of court approval of this Agreement and release.

  C. The Parties acknowledge that the Releasor will promptly file the Joint Motion for Court Review and Approval of Settlement Agreement and Dismissal of Case attached as Exhibit A (hereinafter "Joint Motion").

  D. The Releasor and her counsel acknowledge and agree that, in the event the Court denies the Parties' Joint Motion and the Parties cannot, thereafter, secure court approval of a mutually agreeable settlement agreement within forty-five (45) days of the Court's Order denying the Joint Motion, this Agreement shall be null and void.

  E: Within three business days of Court approval of the Settlement Agreement, Releasor will file a Dismissal with Prejudice.

**3.**  **Release:**

  A. For and in consideration of the one hundred dollars specified above and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Releasor knowingly and voluntarily releases and forever discharges the Releasees from any and all actions, causes of action, suits, debts, dues, sums of money, accounts, damages, judgments, claims and demand whatsoever in law or in equity (hereinafter collectively referred to as "claims"), whether known or unknown which the Releasor ever had or now has against the Releasees, based on any acts, omissions, transactions or occurrences whatsoever from the date of the beginning of the world to the Effective Date of this Agreement, and specifically, but not by way of limitation, to those claims arising by reason of or in any way connected with or which are or may be based in whole or in part on, or do or may arise out of or are or may be related to or with:

  (i) the matter pending in the Northern District of Georgia – Civil Action No. 1:15-cv-00240-WBH;

  (ii) employment between the Company and the Releasor, including but not limited to any issues related to payment of wages under the Fair Labor Standards Act;

  (ii) attorneys' fees, expenses or costs pursuant to 42 U.S.C. § 1988 or as otherwise may be allowed by law, including pursuant to any statute, contract or common-law claim.

  B. It is further understood and agreed that this Agreement and the payment made hereunder constitutes full and final satisfaction of all claims of every nature, direct or indirect, against all persons, companies, or corporations, including those who are or might be held to be joint

and/or successor tortfeasors, with any of the parties released hereby, as well as those to whom any of the parties released are, or may be held to be, liable by way of contribution or indemnity for the payment of all or any part of any claim arising out of, or directly or indirectly related to the claims set forth in this Agreement.

4. **Covenant Not To Sue:**

The Releasor further covenants and acknowledges that neither the Releasor, nor any person, organization or other entity acting on the Releasor's behalf, has or will sue or cause or permit suit against the Releasees upon any claim released herein or to participate in any way in any suit or proceeding or to execute, seek to impose, collect or recover upon or otherwise enforce or accept any judgment, decision, award, warranty or attachment upon any claim released herein. In the event of any claim by an agency or federal or state government or a claim by any person against the Releasees for conduct by the Company against the Releasor for any conduct arising prior to the Effective Date of this Agreement, the Releasor waives the Releasor's right to personally recover any monetary amount in any such proceedings, and the Releasor covenants to immediately return to the Company any amounts paid to the Releasor pursuant to any such proceedings.

5. **No Loss Of Consortium:**

The Releasor represents and warrants that, at all times pertinent, no person sustained any loss of consortium, or has any claim whatsoever for any injury or damage alleged to have been sustained by the Releasor; and the Releasor further agrees to indemnify, defend and hold harmless the Releasees hereunder from any action which may arise in connection therewith to include any attorneys' fees, expenses of any kind, or court costs associated with any such action.

6. **Knowing And Voluntary Waiver And Release:**

A. It is understood and agreed that this Agreement is executed by the Releasor knowingly and voluntarily and is not based upon any representations or statements of any kind by any person as to the merits, legal liabilities, or value of the Releasor's claims.

B. The Releasor also acknowledges that no promise or inducement has been offered or made except as set forth in this Agreement. The Releasor further acknowledges that consideration for this Agreement consists of financial payments and benefits to which the Releasor otherwise has no legal entitlement.

C. As part of the consideration for the conditions of the settlement as set forth above, the Releasor expressly warrants and represents that: (a) the Releasor is legally competent to execute this Agreement; (b) the Releasor has not assigned, pledged, or otherwise in any manner whatsoever sold or transferred, either by instrument in writing or otherwise, any claim, cause of action, or other legal right of whatever kind and nature, which the Releasor has or may have by reason of the incident described above or any matters arising out of or relating thereto; and (c) there are no outstanding subrogation claims or liens of any type or character, by reason of the allegations detailed in Releasor's Complaint, including no lien or right of reimbursement for any healthcare-related expenses relating to or in any way connected with the claims asserted

in the above-styled civil action, including but not limited to liens or rights created by or pursuant to agreement; state or federal law; O.C.G.A. §§ 44-14-470, et seq. and 49-4-148, et seq.; Medicare/Medicaid; TRICARE; CHAMPVA; ERISA; or employee benefit plan.

7. **Right To Retain Advisor Or Counsel:**

  A. The Releasor understands the Releasor has the right and opportunity to consult fully with legal counsel or other advisor prior to signing this Agreement and is advised to consult with legal counsel prior to signing this Agreement. The Releasor also acknowledges that, before signing this Agreement, the Releasor has read and fully understands each paragraph thereof. Any notice required to Releasor under this Agreement shall be satisfied by written notice to the undersigned counsel for the Releasor.

  B. The Releasor acknowledges that, upon the Effective Date of this Agreement, the Releasor will fully and irrevocably release any and all claims the Releasor may have against the Releasees as specified in this Agreement.

8. **Entire Agreement:**

  A. This Agreement constitutes the entire agreement between the Releasor and the Releasees pertaining to those subjects contained in it and supersedes all prior and contemporaneous agreements, representations and understandings. It is expressly understood and agreed that this Agreement may not be altered, amended, modified or otherwise changed in any respect or particular manner whatsoever except by a writing duly executed by all Parties.

  B. In the event a portion of this Agreement is held to be legally invalid by a competent court of law, the invalid portion shall be stricken and all other obligations shall remain valid and mutually binding on the parties and not be affected thereby.

9. **Effective Date:**

This Agreement shall become effective and irrevocable upon its execution by all Parties.

10. **Successors And Assigns:**

This Agreement shall be binding upon the Releasor and the Releasor's heirs, executors, administrators, assigns, successors, beneficiaries, employees and agents, and shall inure to the benefit of the Releasees and their predecessors, successors and assigns.

11. **Non-Admission:**

The Releasor acknowledges the payment set forth herein does not constitute any admission of liability on the part of the Releasees, by whom liability is expressly denied. This Agreement shall not be deemed an admission of liability or a violation of any law, rule, regulation or order, of any kind.

**12.** **Miscellaneous:**

A. The Releasor acknowledges that the Releasor has had sufficient time to consider whether or not the Releasor desires to enter into this Agreement.

B. This Agreement is executed with the full knowledge and understanding on the part of the Releasor that there may be more serious consequences, damages or injuries, which are not now known, and that any draft or benefits conferred herein to the Releasor in consideration of this Agreement are accepted as final. The Releasor further agrees and represents that it is within the Releasor's contemplation that the Releasor may have claims against the Releasees of which, at the time of the execution of this Agreement, the Releasor has no knowledge or suspicion, but the Releasor agrees and represents, without affecting the generality of the foregoing paragraphs, that this Agreement extends to all claims in any way based upon, connected with or related to the matters described herein, whether or not known, claimed, or suspected by the Releasor.

C. It is further agreed and understood that the Releasor will indemnify, defend and hold harmless the Releasees for all claims and damages, including attorneys' fees, resulting from the Releasor's respective material breach of this Agreement.

D. The Releasor agrees to pay federal or state taxes, if any, which are required by law to be paid with respect to this settlement. The Releasor further agrees to indemnify and hold the Releasees harmless from any claims, demands, deficiencies, levies, assessments, executions, judgments or recoveries by any government entity against the Releasees for any amounts claimed due on account of this Agreement or pursuant to claims made under any federal or state tax laws, and any costs, expenses or damages sustained by the Company by reason of any such claims, including any amounts paid by the Company as taxes, attorneys' fees, deficiencies, levies, assessments, fines, penalties, interest or otherwise.

E. The Releasor acknowledges that neither the Releasees nor their attorneys make any representation as to the tax consequences, if any, of the provisions of this Agreement.

F. This Agreement may be executed in multiple counterparts and all counterparts shall constitute one agreement binding on each of the parties hereto, regardless of whether each party hereto is a signatory to the same counterpart. Fax signatures in lieu of original signatures are acceptable.

IN AGREEMENT HERETO, the Releasor and the below representative of the Company set their hand and seal.

_[signature]_
Bridgett Lee – Releasor

8.17.15
Date

_[signature]_
CHEP International, Inc.
Representative for the Company

9/3/15
Date

_[signature]_
Kim T. Rumph

09/03/15
Date